# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ARMSTRONG, | : | CIVIL ACTION NO. **1:CV-05-0771** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On April 18, 2005, Petitioner James Armstrong, an inmate at the United States Penitentiary at Allenwood, Pennsylvania ("USP-Allenwood"), filed, *pro se,* this Habeas Corpus Petition pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] Included with the Petition is an attached 19-page Memorandum. Petitioner paid the filing fee. (Doc. 4). Respondent United States of America[2] has not yet been served and has not filed a Response to the Petition. We give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

---

[1] Since Petitioner's Petition clearly affects the duration of his custody, it is properly filed as a Writ of Habeas Corpus under §2241. *See Leamer v. Fauver*, 288 F. 3d 532 (3d Cir. 2002).

[2] Since the proper Respondent is the Warden at USP-Allenwood, the Petitioner incorrectly names the government in his caption as the Respondent herein. (Doc. 1, p. 1). *See* 28 U.S.C. §2242 and §2243. However, under the Parties section of the petition, Petitioner recognizes that Troy Williamson, Warden at USP-Allenwood, is his custodian and as such is the proper Respondent. (*Id.*, p. 2).

Petitioner states that he has not exhausted his administrative remedy regarding his present claim with the Bureau of Prisons ("BOP"). (Doc. 1, p. 19). Petitioner claims that exhaustion is futile and that he will be caused irreparable harm if relief is delayed. Thus, Petitioner claims that the requirement that he exhaust his administrative remedies with the BOP should be excused. (Doc. 1, pp. 19-24).

We find that the Petitioner should be required to exhaust his administrative remedies, and we shall also recommend that his Petition be denied on its merits.

**I. Background.**

On April 26, 1995, the Petitioner was sentenced to 162 months imprisonment on the charges of bank robbery and assault with a dangerous weapon by the United States District Court for the District of New Jersey. (Doc. 1, p. 2). Petitioner states that he has received only 47 days per year of good conduct time credit awarded towards his 162-month sentence, instead of the 54 days per year he is entitled to under 18 U.S.C. § 3624(b). (*Id*., p. 3). Petitioner states that if his relief request is granted, he will be entitled to earn 728 days total of good conduct time ("GCT"), *i.e.* 13.5 year sentence (162 months) x 54 days per year equals 729 days. Petitioner indicates that the BOP is awarding him with only 47 days of GCT per year, which amounts to a total award of about 634 days. (*Id*.).

Petitioner contends that the Bureau of Prisons ("BOP") is not awarding him 54 days of GCT a year for every year of the sentence imposed upon him as required by 18 U.S.C. § 3624(b). (Doc. 1, pp. 3-4). Petitioner claims that the BOP's interpretation of § 3624(b) is unreasonable. Petitioner states that the BOP should be required to multiply the 54 days per year of GCT to which he is


entitled by the term of his imprisonment of 162 months (13.5 years) and thus, according to him, his total GCT award should be 728 days, and not the 634 total award of GCT days which he indicates that the BOP will award him. (*Id*.). Thus, Petitioner maintains that his GCT award should be calculated based on the prison term he was sentenced to and not on the amount of time that he actually serves. (Doc. 1, pp. 3-4). The Petitioner claims that federal law requires that he receive 54 days GCT for each year that he serves in prison. (Doc. 1, pp. 2-4). The Petitioner seeks the Court to require the BOP to modify its calculation of his GCT to 54 days per year for each year of prison time he has to serve, *i.e.* 54 days x 13.5 years sentence = 728 days GCT. (Doc. 1, p. 4).

Petitioner claims that the BOP has not given him the full credit for the GCT days that he has earned, in contradiction of federal law, and that the BOP has improperly interpreted § 3624(b) and improperly calculated his GCT by failing to base it on the length of his sentence, and as a result, he is being made to serve more time than the law mandates. Thus, Petitioner argues that the BOP is making him serve more time than the legislature has required and that this amounts to an unlawful detainment for which he seeks habeas relief from this Court. Petitioner essentially asserts that his release date should be adjusted based on an award of 54 days of GTC for each year of his sentence, and that the BOP's projected release date for him be modified. (Doc. 1).

The Petitioner indicates that he has not exhausted his available administrative remedies with the BOP prior to the filing of his Petition. (Doc. , pp. 19-24). Petitioner claims that he is excused from completing the required tiers of exhaustion by filing a grievance with the BOP, since it would be futile to claim that the BOP is miscalculating his GCT and that he should be given 54 days GCT per year for each year he has served on his federal sentence as directed by federal law in light of

the BOP's established interpretation of § 3624(b). Petitioner indicates that since he is challenging the validity of the BOP's GCT rule, and since the BOP is obliged to follow its own rules and has no discretion with respect to this, it would be futile to file a grievance claiming that his current GCT award was not correctly calculated by the BOP. (Doc. 1, p. 23). Thus, Petitioner has not exhausted all of his administrative appeals regarding his present claim that his GCT time is being improperly calculated by the BOP. (*Id.*).[3]  Further, we do not find that it would have been futile to do so.

As stated, since the Petitioner admits that he did not, in fact, exhaust all of his available administrative remedies at this time with the BOP raising his stated GCT claim which is the subject of his Habeas Petition, this Petition should be dismissed.

We also find that Petitioner's Petition should be denied because the Third Circuit has recently held that BOP's interpretation of § 3624(b) was reasonable. *See O'Donald v. Johns*, 402 F. 3d 172 (3d Cir. 2005); *Chance v. Holt*, Civil No. 04-2120, M.D. Pa. (4-26-05 Order);and *Volpe v. Smith*, 04-2789, M.D. Pa. (April 11, 2005, Order). Thus, we find no merit to Petitioner's claim that the BOP is incorrectly computing his GCT.

## II. Discussion.

### A. Exhaustion of Administrative Remedies Regarding Review of BOP's GCT Credit Award.

The Petitioner claims that the BOP incorrectly calculated his GCT credits, in violation of federal law. Specifically, Petitioner contends that the BOP should be giving him 54 days per year

---

[3]Under the BOP regulations, the Petitioner was required to file an appeal of the Warden's Response to his Request for Administrative Remedy with the BOP Northeast Regional Office and then to the Office of General Counsel. *See* 28 C.F.R. § 542.15.

4

GCT, for a total award of 54 days multiplied by the 13.5 years of his sentence.

As stated, Petitioner admittedly failed to exhaust his Administrative Remedies with the BOP and he asserts that it would be futile to do so since the BOP will not change its interpretation that federal inmates are not entitled to be given 54 GCT days credit per year.  Before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996).  If a prisoner does not exhaust available remedies, the petition should be dismissed.  *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.).[4]  The Petitioner

---

[4]In *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004), the Court stated as follows:

> Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam).  Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. § 542.10-16 (1997) (and not pursuant to PLRA provisions § 1997e(a)) may the prisoner then seek § 2241 judicial review.  *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)).  The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement.  *See Wesley v. Lamanna,* 27 Fed. Appx. 438, 2001 WL 14150759 (6th Cir. 2001).  The judicially imposed non-statutory exhaustion of Bureau of Prisons administrative remedies for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition is set out at 28 C.F.R. §§ 542.10 - .16 (1987).  Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 ½).
> If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred."  *See*

concedes that he has not exhausted his remedies and we do not find it would have been futile to have done so.

### B.     *BOP's GCT Calculation.*

Petitioner's claim is without merit. Thus, as discussed below, we find that Petitioner's Petition should be denied.

Title 18, § 3624(b)(1) provides in relevant part:

> a prisoner who is serving a term of imprisonment of more than one
> year, other than a term of imprisonment for the duration of
> his life, shall receive credit toward the service of the
> prisoner's sentence, beyond the time served, of up to 54 days,
> at the end of each year of his term of imprisonment,
> beginning at the end of the first year of the term, subject to
> determination by the Bureau of Prisons that, during that year, the
> prisoner has displayed exemplary compliance with
> institutional disciplinary regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28.

We find that in light of *O'Donald*, the BOP's interpretation of § 3624(b), *i.e.,* that GCT is awarded based on the amount of time an inmate actually serves and not based on the length of his sentence which was imposed, is reasonable. Further, in *Pacheco-Camacho v. Hood*, 272 F. 3d 1266, 1269-70 (9th Cir. 2001), *cert. denied*, 535 U.S. 1105 (2002), the inmate raised the same GCT claim as our Petitioner. The *Pacheco-Camacho* Court found that the BOP's interpretation of

---

> § 542.13(b). If the inmate is not satisfied with the Warden's
> response, he may appeal (BP-10) to the Regional Director, and,
> if not satisfied with the Regional Director's response, the inmate
> may appeal (BP-11) that decision to the Office of General Counsel.
> *See* § 542.15.

§ 3624(b), *i.e.* that GCT be awarded on the basis of time served, was a reasonable interpretation of the statute.  The *Pacheco-Camacho* Court stated as follows:

> The BOP regulation that adopts the term served rather than the sentence imposed as the basis for the proration therefore falls within the implied statutory authority of the BOP.  As such, this regulation is entitled to our deference, so long as its interpretation is "reasonable."  *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778.
>
> . . . .  the BOP's interpretation clearly meets this standard.  This interpretation comports with the statutory language of section 3624(b), and does not subvert the statutory design.  It establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners from receiving disproportionate good time credits merely because their sentence happens to equal a year and a day.

*Id.* at 1270-71; *see also Pasciuti v. Drew*, 2004 WL 1247813 (N.D. N.Y.).

This Court in *Baldwin v. Angeline,* Civil No. 03-114 (M.D. Pa. April 2, 2004), also found no merit to its Petitioner's claim that his GCT computation should be made by multiplying the length of his sentence in years by 54 days.[5]  This is exactly the same claim as our Petitioner is making.  As in *Baldwin* and *Pacheco-Camacho*, if Petitioner's interpretation of § 3624(b) was correct and the BOP's interpretation was incorrect, he would receive GCT credit for time he did not actually serve due to the award of GCT credit and also receive GCT credit for the time he actually served.  The BOP interprets §3624(b) so that an inmate is credited with a full 54 days of GCT only after he has earned them, and it takes a full year of good behavior to earn these days.  28 C.F.R. § 523.20.  Petitioner's contention assumes that he will receive his full 54 days of GCT for his entire 13.5-year

---

[5] *See also Hill v. Nash*, Civil No. 02-1022 (M.D. Pa. Jan. 30, 2003).

sentence, even though he has not yet earned all of these GCT days.  The BOP properly does not afford inmates the full 54 days of GCT until they have completed a full year of good behavior to warrant an award of all of these days.

Therefore, we find no merit to the Petitioner's claim that the BOP is not correctly calculating his GCT based on the *O'Donald* Court's finding that the BOP's interpretation of § 3634(b) was reasonable.

### III.  Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner Armstrong's Petition for Writ of Habeas Corpus **(Doc. 1)** be dismissed for failure to exhaust his administrative remedies. We alternatively recommend that this Habeas Petition be denied.


                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: May 10, 2005**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES ARMSTRONG, | : | CIVIL ACTION NO. **1:CV-05-0771** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 10, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *Defendant novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated: May 10, 2005**